# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **BRENT G. PITCHFORD,** | ) |
| Plaintiff, | ) |
| | ) No. 3:19-cv-00256 |
| v. | ) Judge Trauger |
| | ) |
| **METRO NASHVILLE POLICE DEPARTMENT,** *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Brent C. Pitchford, a pre-trial detainee currently in the custody of the Hill Detention Center in Nashville, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against the Metro Nashville Police Department, Robert Carrigan, and Michael Atkins. (Doc. No. 1).

The complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the

1

plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## II. Alleged Facts

According to the complaint, on May 10, 2018, defendants Robert Carrigan and Michael Atkins, both detectives employed by the Metro Nashville Police Department, went to Loves Truck Stop to interview the plaintiff's friend, Robert Hall. During the interview, the defendants disclosed to Mr. Hall that the plaintiff has "a medical condition." (Doc. No. 1 at 1). The plaintiff believes this disclosure violated his constitutional rights.

**IV.	Analysis**

The complaint alleges that the defendants violated the plaintiff's "federal private medical constitutional rights" by disclosing to the plaintiff's friend at his workplace that the plaintiff has an unspecified medical condition. (Doc. No. 1 at 7). The complaint names three defendants, the Metro Nashville Police Department and two detectives employed by the Metro Nashville Police Department. (*Id*. at 2-3).

First, a police or sheriff's department is not a "person" that can be sued under 42 U.S.C. § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10-cv-0496, 2010 WL 3341889, at \*\*2-3 (M.D. Tenn. Aug. 25, 2010) (noting that "since *Matthews*, federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit" under Tennessee law, and therefore granting the motion to dismiss the § 1983 claim against the Davidson County Sheriff's Office). Consequently, the plaintiff's § 1983 claims against the Metro Nashville Police Department must be dismissed for failure to state a claim upon which relief may be granted.

With regard to the plaintiff's claims against defendants Carrigan and Adkins, in this circuit, the disclosure of medical information does not implicate a plaintiff's Fourteenth Amendment right unless it "implicate[s] a fundamental interest protected by the right to privacy under the Fourteenth Amendment." *Townsend v. Reaume,* No. 1:13-cv-729, 2013 WL 3872173, at \*7 (W.D. Mich. July 25, 2013); *Block v. Ribar*, 156 F.3d 673, 684 (6th Cir. 1998) (quoting *J.P. v. DeSanti*, 653 F.2d 1080, 1090 (6th Cir. 1981) (a plaintiff alleging a violation of his right to informational privacy must demonstrate that "the interest at stake relates to 'those personal rights that can be deemed fundamental or implicit in the concept of ordered liberty.'")). The Sixth Circuit has recognized a

right to informational privacy in only two instances: "(1) where the release of personal information could lead to bodily harm; and (2) where the information released was of a sexual, personal, and humiliating nature." *Townsend,* 2013 WL 3872173 at *4 (internal citations omitted). For example, the Sixth Circuit has determined that the disclosure of an inmate's HIV-positive status to prison guards did not violate the inmate's rights under the Fourteenth Amendment. *See Doe v. Wigginton*, 21 F.3d 733, 740 (6th Cir. 1994) (holding that the plaintiff's claim "is foreclosed by the letter and reasoning" of *DeSanti*). *But see Moore v. Prevo*, 379 F. App'x 425, 428 (6th Cir. 2010) (distinguishing *Wigginton* and holding that an inmate has a constitutionally protected interest in avoiding disclosure of his HIV-positive status to other inmates, subject to legitimate penological interests).[1]

Here, the complaint alleges that the defendant police officers' disclosure to a private individual of the plaintiff's unspecified "medical condition" violated the plaintiff's federal constitutional privacy rights. However, the complaint does not identify what medical condition the defendants disclosed. The complaint fails to allege that the disclosure of the plaintiff's medical condition caused a risk to his safety and/or implicated his interest in shielding sexuality and choices about sex. Without more, the court cannot conclude that the release of the plaintiff's unspecified medical information to a private citizen implicated interests protected by the Fourteenth Amendment. *See Annabel v. Mich. Dep't of Corrs.*, No. 1:16-cv-543, 2018 WL 3455407, at *23 (W.D. Mich. July 18, 2018) (finding that prisoner-plaintiff's claim that the disclosure of his medical condition (hemorrhoids) did not implicate Fourteenth Amendment privacy issues);

---

[1] Courts have criticized the *Moore* holding. *See e.g., Murphy v. Rosen*, No. 1:12-cv-13, 2012 WL 1150809, at *3 & n.3 (W.D. Mich. Apr. 5, 2012) ("The holding in *Moore* is questionable. The majority opinion is not supported by Sixth Circuit precedent, it does not expressly apply fundamental rights analysis, and it does not explain why the disclosure of an inmate's HIV status to another inmate implicates a fundamental right (while the disclosure of the same information to a prison official, as in *Wigginton*, does not.")

4

*Weatherspoon v. Toner*, No. 2:13-cv-254, 2014 WL 4385432, at *2 (W.D. Mich. Sept. 3, 2014) (overruling plaintiff's objection to Report & Recommendation finding that prison doctor's disclosure of prisoner's dental conditions "would lead to humiliating name calling, taunts, insults and verbal abuse due to plaintiff's loss of teeth" because the release of the information did not implicate interests protected by the Fourteenth Amendment). As such, the court must dismiss this claim pursuant to the required PLRA screening for failure to state a claim upon which relief may be granted.

Although the complaint will be dismissed, the plaintiff will be permitted, if he desires, to file a motion to reopen this action and amend his complaint to more fully articulate his Fourteenth Amendment privacy claim. *See LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013) (a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA's screening requirements for prisoner and in forma pauperis suits). If the plaintiff elects to proceed in this manner, he will not be required to submit an additional filing fee.

**V.     Conclusion**

For the reasons explained above, the court finds that the complaint fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983 against the named defendants. 28 U.S.C. § 1915A. Therefore, the claims against all named defendants will be dismissed. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge