## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

BRENT G. PITCHFORD,            )
            )
       **Plaintiff,**        )
            )    **No. 3:19-cv-00256**
**v.**                   )    **Judge Trauger**
            )
**METRO NASHVILLE POLICE**    )
**DEPARTMENT,** *et al.,*        )
            )
     **Defendants.**       )

## <u>MEMORANDUM OPINION</u>

Pending before the court is an amended complaint filed by  plaintiff Brent C. Pitchford, a resident of Nashville, Tennessee, against the Metro Nashville Police Department (MNPD) and MNPD officers Michael Adkins and Robert Carrigan, alleging violations of the plaintiff's Fourteenth Amendment right to privacy under 42 U.S.C. § 1983 as well as violations of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). (Doc. No. 15).

## I.      Background

The plaintiff initially filed a pro se, in forma pauperis  action under 42 U.S.C. § 1983 against these same defendants. (Doc. No. 1).  At the time he filed the original complaint, Pitchford was a pre-trial detainee in the custody of the Hill Detention Center in Nashville, Tennessee.[1]  By order and memorandum opinion entered on April 24, 2019, the court dismissed with prejudice the plaintiff's § 1983 claims against the Metro Nashville Police Department. (Doc. Nos. 4 and 5). In addition, the court dismissed the plaintiff's § 1983 claims against Adkins and Carrigan without

---

[1] Pitchford subsequently was released from custody. (Doc. No. 12).

1

prejudice and permitted the plaintiff to file an amended complaint, if he so desired, to more fully articulate his Fourteenth Amendment privacy claims against Adkins and Carrigan. (*Id.*)

The plaintiff now has filed an amended complaint (Doc. No. 15), which is before the court for screening pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e). Under the PLRA, district courts must screen prisoner complaints and sua sponte dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999) ("Congress directed the federal courts to review or 'screen' certain complaints sua sponte and to dismiss those that failed to state a claim upon which relief could be granted [or] . . . sought monetary relief from a defendant immune from such relief."). The court must screen the amended complaint because, in determining whether a plaintiff is a prisoner, courts consider the plaintiff's status *at the time he files the complaint*. *See Siler v. Baldwin,* No. 08-15077, 2011 WL 6371012, at *3 (E.D. Mich. Dec. 20, 2011) ("A plaintiff's status as a prisoner for purposes of the statute [the PLRA] is determined at the time he files suit"); *see also McCullough v. Barnes,* No. 3-05-0819, 2005 WL 2704878, at *1, 5 (M.D. Tenn. Oct. 17, 2005) (Trauger, J.) (finding that, because plaintiff was incarcerated at the time he brought the action, the action was subject to the PLRA, even though plaintiff was no longer in custody).

## II. PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and

2

summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III. Alleged Facts

According to the amended complaint, on an unspecified date, defendants Robert Carrigan and Michael Atkins, both detectives employed by the MNPD, went to Loves Truck Stop to interview "an employee." (Doc. No. 15 at 4). During the interview, the defendants disclosed to that employee that the plaintiff has HIV. The plaintiff did not give the defendants permission to disclose this information.

## IV. Analysis

### A. Section 1983 Claims

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the

3

deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

The amended complaint names three defendants to the plaintiff's § 1983 claims. With respect to defendant MNPD, the court already has considered and dismissed with prejudice the plaintiff's § 1983 claim against this defendant. Under issue preclusion, once an issue actually is determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action when used against any party to the prior litigation. *Montana v. United States*, 440 U.S. 147, 152-54 (1979); *see Gen. Elect. Med. Sys. Europe v. Prometheus Health*, 394 F. App'x 280, 283 (6th Cir. 2010) (citation omitted). Dismissal with prejudice is considered a final judgment on the merits for purposes of res judicata. *See Haddad v. Mich. Nat'l Corp.*, 34 F. App'x 217, 218 (6th Cir. 2002) (citing *Matter of W. Tex. Mktg. Corp.,* 12 F.3d 487, 501 (5th Cir. 1994)). The plaintiff therefore is barred under the doctrine of issue preclusion from relitigating the court's prior adjudication of his § 1983 claim against the MNPD.

With regard to defendants Carrigan and Adkins, the plaintiff alleges that they disclosed his personal information in violation of his right to privacy under the Fourteenth Amendment.[2] Two types of interests have been identified by the Supreme Court as protected by the right to privacy that is rooted in the substantive due process protections of the Fourteenth Amendment: the interest in "independence in making certain kinds of important decisions," such as those dealing with "matters relating to procreation, marriage, contraception, family relationships, and child rearing and education", *Whalen v. Roe*, 429 U.S. 589, 599-600 & n.26 (1977), and the interest in "avoiding

---

[2] For purposes of this screening, the court will assume that the incident in question occurred within the governing statute of limitations period.

disclosure of personal matters." *Id*. at 599, 603-04. The plaintiff's claim implicates the latter interest, which has been described more specifically as the "individual's right to control the nature and extent of information released about that individual," which "has been coined an informational right to privacy." *Bloch v. Ribar*, 156 F.3d 673, 683 (6th Cir.1998).

However, "the Sixth Circuit has repeatedly rejected claims asserting a constitutional right to nondisclosure of personal information." *Jones v. Crompton*, No. 1:13-cv-490, 2013 WL 3967159, at *3 (W.D. Mich. Aug. 1, 2013), *aff'd,* No. 13-2088 (6th Cir. Mar. 17, 2014) (citing, *e.g., Lee v. City of Columbus*, 636 F.3d 245, 261 (6th Cir. 2011); *Doe v. Wigginton*, 21 F.3d at 740; *J.P. v. DeSanti*, 653 F.2d 1080 (6th Cir. 1981)); *see, e.g., Lee v. City of Columbus*, 636 F.3d 245, 261 (6th Cir. 2011) (city's requirement that employees returning from sick leave disclose the nature of their illness to their immediate supervisors did not implicate a fundamental right); *Summe v. Kenton Cnty. Clerk's Office*, 604 F.3d 257, 270–71 (6th Cir. 2010) (county's release of medical record of deputy county clerk to citizen pursuant to open records request did not implicate a right fundamental or implicit in the concept of ordered liberty so as to violate constitutional right to privacy); *Jenkins v. Rock Hill Local Sch. Dist*., 513 F.3d 580, 591 (6th Cir. 2008) (school's disclosure of information to Children Services was not a violation of plaintiff's constitutional rights); *Barber v. Overton*, 496 F.3d 449, 455–57 (6th Cir. 2007) (release of guards' birth dates and social security numbers did not rise to constitutional level); *Coleman v. Martin*, 63 F. App'x 791, 793 (6th Cir. 2003) (dissemination of prisoner's mental health records to parole board was not a constitutional violation); *Jarvis v. Wellman*, 52 F.3d 125, 126 (6th Cir. 1995) (disclosure of rape victim's medical records to an inmate did not violate her constitutional privacy rights). Notably, the Court in *Doe v. Wigginton*, relying on its decision in *DeSanti*, rejected the argument that disclosure of an inmate's HIV infection to a prison guard violated any constitutional

5

right to privacy. 21 F.3d at 740. *But see Moore v. Prevo*, 379 F. App'x 425, 428 (6th Cir. 2010) (distinguishing *Wigginton* and holding that an inmate has a constitutionally protected interest in avoiding disclosure of his HIV-positive status to other inmates, subject to legitimate penological interests).[3]

Indeed, the Sixth Circuit has recognized an "informational-privacy interest of constitutional dimension" in only two instances: (1) where the release of personal information could lead to bodily harm, as in *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1061 (6th Cir. 1998) (dissemination of undercover officers' personnel file to members of violent street gang some of whom officers testified against at trial); and (2) where the information was released was of a sexual, personal and humiliating nature. *Bloch*, 156 F.3d at 686 (gratuitous and unnecessary dissemination of "the intimate details of the rape" where no penological purpose was being served).

Here, the Sixth Circuit's decision in *Wigginton* appears to foreclose the plaintiff's claim that disclosure of his HIV status under the circumstances described implicates a Fourteenth Amendment privacy right. *But see Moore*, 379 F. App'x 425, 428. In addition, the amended complaint does not allege that the defendants' disclosure of the plaintiff's HIV status to a private individual outside the prison setting placed the plaintiff at a substantial risk of bodily harm from a perceived likely threat. Consequently, the court finds that the plaintiff's allegations fail to state Fourteenth Amendment privacy claims against defendants Atkins and Carrigan upon which relief may be granted under § 1983. These claims will be dismissed.

---

[3] Courts have criticized the *Moore* holding. *See e.g., Murphy v. Rosen*, No. 1:12-cv-13, 2012 WL 1150809, at *3 & n.3 (W.D. Mich. Apr. 5, 2012) ("The holding in *Moore* is questionable. The majority opinion is not supported by Sixth Circuit precedent, it does not expressly apply fundamental rights analysis, and it does not explain why the disclosure of an inmate's HIV status to another inmate implicates a fundamental right (while the disclosure of the same information to a prison official, as in *Wigginton*, does not.")

6

## B.    HIPAA

The amended complaint also alleges that defendants Adkins and Carrigan violated the plaintiff's HIPAA rights. However, the plaintiff has provided no factual basis which could plausibly suggest an entitlement to relief pursuant to HIPAA because that statute does not afford individuals a private right of action. Rather, penalties for HIPAA violations are imposed by the Secretary of Health and Human Services ("Secretary"). *See* 42 U.S.C. § 1320d–5(a)(1); *see also Wilson v. Memphis Light, Gas & Water*, No. 12-2956-STA-TMP, 2013 WL 4782379, at *3 (W.D. Tenn. Sept. 5, 2013) (citing *Johnson v. Depts. of Army and Air Force*, 465 F. App'x 644, 645 (9th Cir. 2012) (affirming dismissal of HIPAA claim on the grounds that HIPAA provides no private right of action); *Bradley v. Pfizer, Inc.*, 440 F. App'x 805, 809 (11th Cir. 2011) ("[T]here is no private right of action for a violation of HIPAA's confidentiality provisions."); *Carpenter v. Phillips*, 419 F. App'x 658, 658 (7th Cir.2011) (affirming district court's conclusion that a claim under HIPAA "was not cognizable because HIPAA does not furnish a private right of action"); *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir.2010) ("Any HIPAA claim fails as HIPAA does not create a private right of action for alleged disclosures of confidential medical information."); *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006) ("We hold there is no private cause of action under HIPAA."); *Johnson v. Kuehne & Nagel Inc.*, No. 11-cv-02317-STA-cgc, 2012 WL 1022939, at *5 (W.D. Tenn. Mar. 26, 2012) ("HIPAA regulations do not confer a private right of action on an individual.")). If the plaintiff believes that a covered entity or business associate is not complying with HIPAA, his only recourse is to file a complaint with the Secretary. *See* 45 C.F.R. § 160.306; *see also Kuehne*, 2012 WL 1022939, at *5 ("Plaintiff's only redress for an alleged HIPAA violation is to lodge a written complaint with the Secretary of Health and Human Services [.]"). Therefore, the plaintiff's allegations that the defendants violated HIPAA by

7

disclosing his HIV status to another individual, even taken as true, do not state a HIPAA claim on which relief may be granted. The plaintiff's HIPAA claims must be dismissed.

## V. Conclusion

For the reasons explained above, the court finds that the plaintiff's § 1983 claims against the MNPD are barred by the doctrine of issue preclusion. Further, the court finds that the amended complaint fails to state claims upon which relief can be granted under § 1983 and HIPAA against defendants Carrigan and Adkins. Therefore, this case will be dismissed.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge